USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    3/31/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BORIS MIKHAIL,

                              Plaintiff,

          -against-                                    24-CV-08367 (MMG)

METROPOLITAN TRANSPORTATION                            **OPINION & ORDER**
AUTHORITY,

                              Defendant.

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this lawsuit. Plaintiff is Boris Mikhail. Defendant is his former employer the Metropolitan Transportation Authority ("MTA"). Plaintiff alleges the MTA discriminated against him based on his national origin and his age. He also alleges the MTA retaliated against him for complaining about discrimination. Before the Court is the MTA's motion to dismiss (Dkt. No. 18). Because Plaintiff has stated a claim for relief, the motion to dismiss is DENIED.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). The complaint meets this standard.

1

Plaintiff alleges that, of ten managers at his level in his department, he is the only one of Russian national origin. Dkt. No. 9 ¶ 21. He also alleges that—although his comparably-situated co-workers engaged in the same activities of swearing at work, working remotely more than twice per week, or permitting others to work remotely—he alone was targeted for disciplinary action. *Id.* ¶¶ 23, 25–26, 31, 47, 55–59. He also alleges that a supervisor stated, "Russians are 'too direct' and that [Plaintiff] needed to work on his tone for that reason." *Id.* ¶ 60. A Russian supervisor also advised Plaintiff "that they both had to work extra hard to manage their tone because they are Russian." *Id.* ¶ 61. These comments coupled with Plaintiff's allegations of disparate enforcement of work policies suffice to state a claim for discrimination based on national origin, at least at this stage of the case. Plaintiff has also stated a claim for discrimination based on age given his allegations that he was paid less than older peers in the same pay grade who were otherwise comparable to him, and his allegation that his supervisors "expressed their dissatisfaction with [Plaintiff's] salary relative to his age, asserting that [Plaintiff] made too much for how young he was." *Id.* ¶¶ 72–73. Finally, Plaintiff has stated a claim for retaliation because he engaged in protected activity by complaining of discrimination to his supervisors and filing a complaint with the Equal Employment Opportunity Commission ("EEOC") and the MTA shortly thereafter terminated his employment. *Id.* ¶¶ 77–84.

None of Defendant's counter arguments withstand scrutiny. *See* Dkt. No. 19. Plaintiff adequately alleges he was treated worse than similarly-situated colleagues who engaged in the same behavior as Plaintiff but evaded disciplinary repercussions. *Id.* ¶¶ 23, 25–26, 31, 47, 55–59; *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) ("[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of

alleging facts suggesting an inference of discriminatory motivation.").[1]  Plaintiff also does not need to allege a specific comparator so long as he can show (as he does) that individuals outside his protected group did not face the same alleged discriminatory conduct.  *See Lenzi v. Systemax, Inc.*, 944 F.3d 97, 110 (2d Cir. 2019); *see id.* at 111 (reversing a grant of summary judgment where—although the plaintiff could not identify a comparator—she established that men in different positions received above-market rate compensation while women received below-market rate compensation).

Plaintiff has also adequately shown a causal connection between his complaints and termination given the temporal proximity between his escalating complaints to management beginning in December 2023, *see* Dkt. No. 9 ¶¶ 77–83[2]; his EEOC complaint in March 2024, *id.* ¶ 84; and his termination in April 2024, *id.*; *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (commenting with regard to a Title VII retaliation claim that "[a] plaintiff's burden at [the] prima facie stage is de minimis"); *Ulrich v. Soft Drinks, Brewery Workers & Delivery Emps.*, 425 F. Supp. 3d 234, 241 (S.D.N.Y. 2019) (determining at the pleading stage an employee could show a causal connection between a complaint and his termination where he was terminated two months after engaging in protected activity).

Accordingly, Defendant's motion to dismiss is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 18.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

[2] Defendant argues Plaintiff never specifies when he started complaining to upper management or who Plaintiff complained to.  *See* Dkt. No. 19 at 15.  The complaint squarely contradicts these assertions.  *See* Dkt. No. 9 ¶¶ 69, 77–83.  It states that after Plaintiff received the "Final Written Warning" in December 2023, both Plaintiff and his manager made numerous attempts to follow up with several named individuals.  *Id.*

The Court will enter a separate Order referring the parties to mediation, consistent with this district's standing order on counseled employment discrimination cases. The parties are directed to participate in the mediation in good faith, and to submit a joint status letter to the Court within 7 days of the mediation conference, regarding the status of settlement and appropriate next steps, if any, in this matter.

Dated: March 31, 2026
    New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge